NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELVIN GUSTAVO LOPEZ
HERNANDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-73559

Agency No. A203-529-519

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023[**]
Seattle, Washington

Before:  HAWKINS, CALLAHAN, and BRESS, Circuit Judges.

Melvin Gustavo Lopez Hernandez, a native and citizen of El Salvador, seeks

review of the decision of the Board of Immigration Appeals ("BIA") affirming the

decision of an Immigration Judge ("IJ") denying his applications for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Lopez Hernandez contends that the agency violated his right to due process by failing to give him adequate time to secure counsel. We review due process claims de novo. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007). Although "[t]he right to be represented by counsel at one's own expense is protected as an incident of the right to a fair hearing under the Due Process Clause of the Fifth Amendment," *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018), Lopez Hernandez has failed to demonstrate that right was violated.

At his initial appearance before an IJ, Lopez Hernandez indicated he wished to have more time to find counsel, and his hearing date was reset for approximately one month later. He was also provided a "legal aid list." Lopez Hernandez's proceedings were then continued multiple times over the next year to afford him additional time to find counsel. Lopez Hernandez ultimately appeared pro se at his merits hearing and did not request additional time to find counsel. Instead, he expressly waived his right to proceed with counsel. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). He did not challenge that waiver in his opening brief. Nor did he file a reply brief to respond to the government's assertion that the waiver is valid and bars the claims in this petition for review.

2

Lopez Hernandez was given ample time to find counsel, and he affirmatively represented to the IJ at his merits hearing that he wished to proceed pro se and was not being forced to do so. *Id.* ("In order for a waiver to be valid, an IJ must generally: (1) inquire specifically as to whether petitioner wishes to continue without a lawyer . . . and (2) receive a knowing and voluntary affirmative response." (citations omitted)). He has not demonstrated a due process violation. *See Gomez-Velazco*, 879 F.3d at 993–95.

**PETITION DENIED.**